# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **B.M.**

**No. 19-0218** (Wood County 18-JS-30W)

**FILED**
**May 26, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner B.M., by counsel Reggie R. Bailey, appeals the Circuit Court of Wood County's January 24, 2018, dispositional order committing her to the custody of the Division of Health and Human Resources ("DHHR") for placement in a Level II residential treatment facility and continuing her probation until age eighteen.[1] Respondent the State of West Virginia, by counsel Holly M. Flanigan, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 16, 2018, a petition was filed alleging that B.M., then sixteen years old, was a status offender. The petition alleged that B.M. continually and habitually refused to respond to the lawful supervision of her parents. It further alleged that B.M.'s behavior substantially endangers the health, safety, or welfare of B.M. or another person in that B.M. is not following the rules within her home, has not been attending school as required, has not attended therapy services, has absconded from her home on multiple dates without her parents' permission, and has not returned to her home at designated times on multiple occasions. On July 24, 2018, the circuit court entered an order finding that B.M. is a status offender. The circuit court also appointed counsel for B.M. and set a date for an adjudicatory hearing. During the adjudicatory hearing, the State agreed to dismiss the allegation that B.M. had not been attending therapy services and B.M. admitted all of the remaining allegations. The court adjudicated B.M. as a status offender and referred her to the DHHR but ordered that she remain in her parents' custody.

The circuit court held a detention hearing on October 25, 2018, during which it determined that continuation in the home was contrary to B.M.'s best interests because she had not been attending school as required, was not following the directives of her parents, and absconded from the home on October 22 without returning until October 24, 2018. The court also found that the

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

DHHR had made reasonable efforts to avoid the removal of B.M. from the home through informal supervision, truancy services, in-home services, and additional DHHR services. It further determined that B.M. should be placed in a non-secure shelter facility pending a motion to modify disposition hearing; that hearing was set for November 20, 2018. Following the filing of that motion and the circuit court's consideration of the same, the circuit court entered its November 26, 2018, order directing that temporary custody of B.M. remain with the DHHR for placement in a non-secure shelter placement pending a dispositional hearing in the matter; that B.M. be placed on the temporary terms and conditions of probation and participate in a psychological evaluation, pending a dispositional hearing; and set the dispositional hearing for January 4, 2019.

The dispositional hearing took place as scheduled, and the circuit court entered its resulting January 24, 2019, order. During that hearing, the circuit court admitted the December 28, 2018, Juvenile Probation Officer Court Report;[2] the minutes of the December 27, 2018, Multi-Disciplinary Team meeting; and the November 23, 2018, psychological evaluation. In its detailed five-page order, the circuit court made the following relevant findings: (1) the child is in need of extra-parental supervision under the supervision of a probation officer ; (2) the child is in need of a prescribed program of treatment and therapy and a program limiting her activities under terms that are reasonable and within the child's ability to perform; (3) continuation in the home is contrary to the child's best interests as she had not been following the directives within the home, had not been attending school as required, absconded from the home with her whereabouts unknown for two nights, and continues to skip classes, in addition to being uncooperative at the shelter placement; (4) the DHHR has made reasonable efforts to avoid placement out of the home through in-home services, DHHR support services, informal supervision, truancy services, inpatient treatment, and shelter placement; (5) the best interests and welfare of the public and the child require that the temporary custody of the child continue with the DHHR for placement in an appropriate residential treatment facility when a bed is available; and (6) until a bed is available in such residential treatment facility, the child shall continue in the custody of the DHHR for placement in a non-secure shelter facility. B.M. was also placed on probation until she reaches the

---

[2] In that report, the juvenile probation officer stated that once informal supervision began, B.M. was linked to several community-based services with no improvement and that, after being placed in a shelter, B.M. continued to struggle with rules and expectations. Further, it stated that the shelter asked for B.M.'s

> removal for the safety of herself (threats of self-harm and superficial acts of self-harm) and other children (aggression). . . . Ultimately, [B.M.] was placed in [juvenile services] custody due to physically striking an eleven-year-old shelter resident; charges are pending in Cabell County. [B.M.] would benefit from intensive mental health services. . . . however, she has proven time and again she will not communicate with community-based providers and absconds from her home frequently which hampers the efforts in the home. She has struggled with shelter placement as well, resulting in pending charges . . . .

The probation officer recommended that she continue in the temporary custody of the DHHR for placement in a residential treatment facility that can provide the necessary mental health services, educational services, and psychotropic medication therapies.

age of eighteen, unless sooner modified by the circuit court. The order also set forth twenty-four terms and conditions B.M. "is to conform her conduct to[,]" including not leaving Wood County unless in the company of her mother or with the permission of her probation officer, reporting regularly to her probation officer, and submitting to blood tests or other drug or alcohol screenings. Petitioner appeals from that order.[3]

"[T]he standard of review with regard to a circuit court's sentencing order or disposition . . . is whether the circuit court's ruling constitutes an abuse of discretion." *State v. Kenneth Y.*, 217 W. Va. 167, 170, 617 S.E.2d 517, 520 (2005) (citations omitted). "[D]iscretionary, dispositional decisions of the trial courts should only be reversed where they are not supported by the evidence or are wrong as a matter of law." *In re Thomas L.*, 204 W. Va. 501, 503, 513 S.E.2d 908, 910 (1998) (internal quotations and citation omitted).

On appeal, petitioner contends that the circuit court erred by placing her in a Level II placement, rather than with her parents. Petitioner states that she admitted during the November 20, 2018, hearing that she was not attending school as required; had 7.5 days of unexcused absences during the 2018-2019 school year; left her residence on October 22, 2018, and did not return until October 24, 2018, with her whereabouts unknown during that time; and had not been following the directives within her home.

Without citing any supporting legal authority, petitioner contends that probation, combined with additional services, would have been sufficient to correct any truancy problems, as well as the issue with leaving the home without permission.[4] According to petitioner, she was adjudicated for a status offense based upon her own admission. She asserts that she "was originally placed in a shelter from the time of the [d]etention [h]earing until the [d]ispositional [h]earing . . . which [p]etitioner [asserts] had a meaningful impact upon her." She argues that the circuit court did not use the least restrictive alternative as required by West Virginia Code § 49-4-714.

West Virginia Code § 49-4-714(b)(6)(2015) provides, in relevant part, unequivocally and in mandatory language that "[t]he court shall make all reasonable efforts to place the juvenile in the least restrictive alternative appropriate to the needs of the juvenile and the community[.]" Further, we have held as follows:

---

[3] Petitioner asserts that she was not placed in an appropriate residential treatment facility until after the circuit court ordered that she could be placed in an appropriate out-of-state residential treatment facility on May 3, 2019. She claims that she was placed in the Foundations for Living Program in Mansfield, Ohio, on May 29, 2019.

[4] West Virginia Rule of Appellate Procedure 10(c)(7) requires, in relevant part: "[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error." That rule further provides that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." Aside from the standard of review, the only citation to any legal authority in petitioner's brief is the passing mention of a single statute.

In considering the least restrictive dispositional alternative for sentencing a juvenile, a juvenile court must consider the reasonable prospects for rehabilitation of the child as they appear at the time of the dispositional hearing, with due weight given to any improvement in the child's behavior between the time the offense was committed and the time sentence is passed.

Syl. Pt. 3, *State ex rel. S J C. v. Fox*, 165 W. Va. 314, 268 S.E.2d 56 (1980). We find that the circuit court did not abuse its discretion in placing B.M. in a residential treatment facility. The circuit court's placement was the least restrictive placement to meet B.M.'s needs. The record reflects that she was removed from the home only after months of failed in-home services. However, she continued to have the same truancy problems, the same negative behaviors and disregard of her parents' directives, and the same pattern of absconding from the home, including absconding from the home for multiple days and nights. Those actions resulted in the circuit court finding that B.M.'s best interest and welfare required placement in a non-secure shelter. At the shelter, B.M. repeatedly proved that community-based services would not alter her incorrigibility. According to the psychologists who evaluated B.M., a residential treatment facility would address B.M.'s functional deficits, depressive and anxious symptoms, and history of aggression and would enable B.M. to begin forming a trusting, therapeutic relationship to address other issues.

The youth services supervisor and juvenile probation officer both recommended placing B.M. in a residential treatment facility. In addition, the probation officer recommended that B.M. receive the necessary mental health services, educational services, and psychotropic medical therapies while in that residential treatment facility. Therefore, the circuit court's decision to order that B.M. be placed in a residential treatment facility was consistent with these recommendations, and we find that the circuit court did not abuse its discretion in so ordering.[5]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 26, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman

---

[5] Petitioner also alleges that the circuit court erred by keeping her in a juvenile shelter for approximately seven months. Because petitioner fails to cite to any law in support of this argument, in violation of Rule 10(c)(7), and the alleged error relates to certain events that took place subsequent to the entry of the order petitioner now appeals, we decline to address this argument.